COLLINS vs. AUSTIN ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A consignee to whom goods are consigned, has no privilege on them for a debt previously contracted by the consignor.

His privilege, as a consignee, is confined to advances made upon the identical property consigned.

The plaintiff attached a quantity of cotton which had been consigned to Breedlove, who intervened in the suit, and claimed it as being in advance to the consignors to nearly the whole amount of the property received. The evidence showed that the letter of advice and bill of lading reached the hands of Breedlove prior to the service of the attachment; but there was no proof that any advances or disbursements had been made by him upon the cotton.

There was judgment for plaintiff, and the intervening party appealed.

*McCaleb*, for appellant. *Roselius*, for appellee.

*Martin, J.* delivered the opinion of the court.

An attachment was levied on a quantity of cotton of the defendants, on board of a vessel. Breedlove intervened and claimed it on the ground that the attachment was levied after the letter of advice and bill of lading had reached the hands of the intervening party and consignee, he being in advance to an amount nearly equal to the value of the cotton.

There was judgment against him, and he appealed.

His counsel has urged that the cotton attached had been sent and put into the appellant's possession for the purpose of paying him, and was therefore specially pledged. Hence the appellant could not enforce his claim by suit, for it would have been pleaded he had received property in payment, and if he could not sue, he cannot be deprived of his property. That the cotton attached is the property of the firm of McKimley & Austin; and as it regards this partnership, it appears Collins's

debt is paid, and then more than McKimley's share must be taken to pay the firm's debts in Louisiana, which will do an injury to the partner.

The counsel of the appellee has contended that the case presents nothing but a question of privilege, which turns on the proper construction of *article 3214 of the Civil Code,* under which he contends that the consignee's privilege is confined to advances made on the identical property consigned.

He has contended that the property attached is sufficient to satisfy the plaintiff's claim and that of the intervening party.

*A consignee to whom goods are consigned, has no privilege on them for a debt previously contracted by the consignor.*

We think with the counsel of the appellee and the first judge that the privilege turns on the 'true construction (if there can be more than one) of the article of the code cited. It is in the following words : " Every consignee, or commission agent, *who has made advances on goods consigned to him, or goods placed in his hands,* to be sold on account of the consignor, has a privilege for the amount of these advances, with interest and charge on the value of .the goods if they are at his disposition in his store, or in a public warehouse, or if before their arrival, he can show by a bill of lading or letter that they have been despatched to him.

*His privilege as consignee is confined to advances made upon the identical property consigned.*

The appellant has, indeed, shown by a bill of lading and letter of advice, that the cotton had been despatched to him ; but he has neither alleged nor proven that he had made any advance on it, although he has alleged and proved that he is in advance to the amount of it, and he has a lien thereon. It is clear that, since the code, the consignee, possessed of a bill of lading, is restrained as to his lien, whatever might have been the law theretofore, to goods on which he has made advances. See *Phelps et als.* vs. *Haring et als.,* determined by this court in June last.

The appellant can contend for his own rights only, if those of the defendant or any other person be contingent in this suit ; the appellant has no capacity to complain. He is disinterested, since a sufficient sum remains from the sale of the cotton attached to satisfy his own claim.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.